## LUEDECKE v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.   November, 1899.)

STREET RAILROADS—COLLISION WITH HORSE AND WAGON.

No recovery in an action against a street-railway company for damages resulting from a collision with plaintiff's horse and wagon can be had unless plaintiff was entirely free from negligence; and a charge authorizing recovery notwithstanding plaintiff's negligence was reversible error, and was not cured by an instruction against recovery unless plaintiff's entire freedom from negligence was proved.

Appeal from trial term.

Action by Frank Luedecke against the Metropolitan Street-Railway Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before FITZSIMONS, C. J., and CONLAN and McCARTHY, JJ.

Henry A. Robinson, for appellant.
Gruber & Bonynge, for respondent.

CONLAN, J.   This is an appeal from a judgment at a trial term before a jury, and from an order denying the motion for a new trial. The action is brought to recover damages for injuries resulting in the death of plaintiff's horse.

The charge to the jury contained the following:

"I charge you that, even if the plaintiff's driver was negligent in driving upon the north-bound track at the time he did, yet, if the defendant's car was at sufficient distance south of him to enable the motorman of that car to stop the car before reaching plaintiff's horse and wagon, and he did not do so, the defendant would not be absolved from liability, and the plaintiff would be entitled to recover."

It is a well-settled principle of law, in cases of this kind, that, before the plaintiff can recover, he must prove to the satisfaction of the jury that he was entirely free from negligence; and it appears from the record before us that this request on behalf of the defendant was refused.   If the plaintiff was guilty of any negligence, he cannot recover; and, if it be said that he was negligent in driving upon the track in the manner indicated, then it would be very difficult, if, indeed, not impossible, to say how far that negligence contributed to the injury.   Nor do we think that to have charged the defendant's request would have cured the error, because the situation would then be presented to the jury somewhat as follows:   The plaintiff cannot recover unless he is free from negligence, and if it was negligence in him to be upon the track, as stated, then there was distinctly presented what amounts to a vital objection to the plaintiff's right to recover; for, if he was upon the track negligently, then the ques-

tion whether or not the defendant's negligence solely caused the accident was taken from the consideration of the jury.

For the reasons stated, we think there should be a reversal, and a new trial, with costs to the defendant to abide the event. All concur.